UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN BALL, #20190001029, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00613 |
| v. | (SAPORITO, M.J.) |
| LEA BAYLOR, et al., | |
| Defendants. | |

## MEMORANDUM

This matter comes before the Court on a motion by the plaintiff, Dawn Marie Ball, for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 5). For the reasons stated herein, we will deny the plaintiff's motion and order her to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

### I. BACKGROUND

On April 2, 2021, the Court received and lodged a *pro se* complaint signed and dated by the plaintiff on March 27, 2021. (Doc. 1.) The complaint named two prison officials at the Monroe County Correctional Facility, a county jail located in Monroe County, Pennsylvania, where the plaintiff is currently incarcerated. It alleges violations of the plaintiff's federal constitutional and statutory rights. Together with the complaint,

the plaintiff submitted a motion for leave to proceed IFP in this action. (Doc. 3.) Because she had submitted the wrong form, the plaintiff was directed to resubmit her motion for leave to proceed IFP on the proper form. (Doc. 4.) She did so, filing the instant motion on April 14, 2021. (Doc. 5.)

This plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because she has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. *See Ball v. Hummel*, 577 Fed. App'x 96, 97 (3d Cir. 2014) (per curiam) (identifying three strikes accumulated prior to May 2012).[1] "Accordingly, [she] may not proceed *in forma pauperis* unless [she] was in imminent danger of serious physical injury at the time [she] filed his complaint." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239

---

[1] We note that Ball is currently incarcerated at Monroe County Correctional Facility, a county jail where she has been assigned Inmate Number 20190001029. Based on publicly available records, it is clear that she is the very same Dawn Marie Ball, with a birthdate of May 18, 1970, who was previously incarcerated at various state prisons in the custody of the Pennsylvania Department of Corrections, where she was assigned Inmate Number OL0342. *See* Pa. SAVIN Search Form (Ball, Dawn), at https://www.vinelink.com/classic/#/home/site/39000 (last checked Apr. 15, 2021). *See generally* Fed. R. Evid. 201; *Priovolos v. PA Attorney Gen.*, 2017 WL 3034796, at *1 n.3 (M.D. Pa. July 18, 2017) (taking judicial notice of SAVIN offender information search results).

F.3d 307, 310–11 (3d Cir. 2001) (en banc)).

## II. DISCUSSION

The plaintiff is barred from proceeding without prepayment of fees unless she was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted),[2] *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When considering whether imminent danger of physical injury has been

---

[2] Notably, the appellant in this citation is the plaintiff in this case.

alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Ball*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar*, 239 F.3d at 312. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

Reviewing the *pro se* complaint, it is clear that no imminent danger of serious physical injury has been credibly alleged. The complaint alleges that the defendants interfered with the plaintiff's constitutional right of access to the courts by refusing to give her writing supplies and photocopies free of charge, which she had requested in connection with unspecified litigation. In addition, the complaint alleges that one of the

defendants violated the plaintiff's HIPPA rights by discussing her medical and mental health status with a psychiatrist, without the plaintiff's permission.

Based on these allegations, the plaintiff has plainly failed to allege any imminent danger of serious physical injury.

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) shall be denied, and the plaintiff shall be ordered to pay the applicable filing fee in full within thirty days of the date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.


Dated: April 15, 2021               **_s/Joseph F. Saporito, Jr._**
                                    JOSEPH F. SAPORITO, JR.
                                    United States Magistrate Judge